**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**


**PAULA ZELESNIK,**

        **Plaintiff,**

                                      **Civil Action 2:18-cv-1251**
    v.                             **Judge James L. Graham**
                                        **Magistrate Judge Chelsey M. Vascura**

**THE OHIO STATE UNIVERSITY,** *et al.,*

        **Defendants.**


### ORDER and REPORT AND RECOMMENDATION

Plaintiff, Paula Zelesnik, an Ohio resident proceeding without the assistance of counsel, has submitted a request to file a civil action *in forma pauperis*. (ECF No. 1.) The Court **GRANTS** Plaintiff's request to proceed *in forma pauperis*. All judicial officers who render services in this action shall do so as if the costs had been prepaid. 28 U.S.C. § 1915(a). This matter is also before the Court for the initial screen of Plaintiff's Complaint as required by 28 U.S.C. § 1915(e)(2) to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Having performed the initial screen, for the reasons that follow, it is **RECOMMENDED** that the Court **DISMISS** this action pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**I.**

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to

"lower judicial access barriers to the indigent."  *Denton v. Hernandez*, 504 U.S. 25, 31 (1992).

In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are

assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from

filing frivolous, malicious, or repetitive lawsuits.'"  *Id*. at 31 (quoting *Neitzke v. Williams*, 490

U.S. 319, 324 (1989)).  To address this concern, Congress included subsection (e)[1], which

provides in pertinent part as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been
> paid, the court shall dismiss the case at any time if the court determines that--
>
> >      *      *      *
>
> (B) the action or appeal--
>
> > (i) is frivolous or malicious;
> >
> > (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31.  Thus, § 1915(e) requires *sua sponte*

dismissal of an action upon the Court's determination that the action is frivolous or malicious, or

upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the

basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a).  *See also*

*Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure

12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)).  Under Rule

8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the

---

[1]Formerly 28 U.S.C. § 1915(d).

pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual

demands on the authors of complaints." *16630 Southfield Ltd.*, *P'Ship v. Flagstar Bank*, *F.S.B.*,

727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a]

pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause

of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic*

*Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked

assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a

complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on

its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on

a host of considerations, including common sense and the strength of competing explanations for

the defendant's conduct." *Flagstar Bank* , 727 F.3d at 504 (citations omitted). Further, when

considering a *pro se* plaintiff's Complaint, a Court "must read [the allegations] with less

stringency . . . and accept the pro se plaintiff's allegations as true, unless they are clearly

irrational or wholly incredible." *Reynosa v. Schultz*, 282 F. App'x 386, 389 (6th Cir. 2008)

(citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (internal citation omitted).

## II.

Plaintiff brings this action against The Ohio State University, The Ohio State Newman

Center, Senator Sherrod Brown, Senator Rob Portman, Congressman Steve Chabot, Governor

John Kasich, and Ohio Attorney General Mike Dewine. According to the Complaint, because of

her support of John Kasich's policies, she has been denied entrance to classes to earn a principle's license, denied the ability to repay her student loans, denied renewal of her teacher's license, and denied retirement benefits "from all the institutions in Ohio." (Pl.'s Compl. 3, ECF No. 1-1.) Plaintiff also alleges that she has suffered "rape, housing fraud, false arrest, and false incarceration twice." (*Id*.) Plaintiff further alleges that the General Electric Company tried to murder her in jail and also when she was at a hospital. Finally, Plaintiff alleges that she was assaulted several times at an Alcoholics Anonymous meeting and that she has received death threats from Senator Rob Portman. (*Id*.) In terms of relief, Plaintiff seeks $100 billion.

Plaintiff also identifies a related case that she filed in the Southern District of Ohio, Western Division, *Zelesnik v. General Electric, Inc.*, Case No. 1:18-cv-433 (the "433 Case") in which Plaintiff sued a number of defendants for attempted murder and fake judgements and also sued Senator Portman for refusing to grant her protection orders. The Court in the 433 Case adopted the Magistrate Judge's Report and Recommendation recommending dismissal pursuant to § 1915(e)(2) for failure to state a claim and entered judgment dismissing the case on October 3, 2018. (433 Case, ECF Nos. 6, 10, and 11.)

The undersigned concludes that Plaintiff's Complaint provides insufficient factual content or context from which the Court could reasonably infer that Defendants violated Plaintiff's rights. Rather, the allegations Plaintiff sets forth in her Complaint are so implausible and nonsensical as to render her Complaint frivolous. A claim is frivolous if it lacks "an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The former occurs when "indisputably meritless" legal theories underlie the complaint, and the latter when it relies on "fantastic or delusional" allegations. *Id*. at 327–28. This Court is not required to accept the factual allegations set forth in a complaint as true when such factual allegations are

4

"clearly irrational or wholly incredible." *Ruiz v. Hofbauer*, 325 F. App'x 427, 429–30 (6th Cir.

2009) (citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)). Here, Plaintiff's allegation that

Defendants denied her certain benefits and that they raped her, falsely arrested her, and

attempted to murder her are "clearly irrational or wholly incredible." *Reynosa*, 282 F. App'x at

389. It is therefore **RECOMMENDED** that the Court dismiss this action for failure to state a

claim on which relief may be granted.

### III.

Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* is **GRANTED**. (ECF No.

1.) For the reasons set forth above, it is **RECOMMENDED** that the Court **DISMISS** this

action pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may

be granted.

### PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen

(14) days of the date of this Report, file and serve on all parties written objections to those

specific proposed findings or recommendations to which objection is made, together with

supporting authority for the objection(s). A Judge of this Court shall make a *de novo*

determination of those portions of the Report or specified proposed findings or

recommendations to which objection is made. Upon proper objections, a Judge of this Court

may accept, reject, or modify, in whole or in part, the findings or recommendations made

herein, may receive further evidence or may recommit this matter to the Magistrate Judge with

instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and

Recommendation will result in a waiver of the right to have the District Judge review the Report

and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision

of  the District Court adopting the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S.

140  (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

      **IT IS SO ORDERED.**


           /s/ *Chelsey M. Vascura*
           CHELSEY M. VASCURA
           UNITED STATES MAGISTRATE JUDGE